**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000802
07-MAY-2013
09:52 AM**

NO. CAAP-12-0000802

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAIIAN PARADISE PARK OWNERS ASSOCIATION, INC.,
Plaintiff-Appellee,
v.
MANGO ACRES TRUST, PETER FRONT TRUSTEE,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3RC-12-1-456)

ORDER DISMISSING APPEAL
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon consideration of Peter Frost's April 19, 2013 response to this court's April 9, 2013 order to show cause why the appeal should not be dismissed, and the record, it appears as follows.

1.    Peter Frost (Frost) filed the instant appeal purportedly on behalf of Defendant-Appellant Mango Acres Trust

(Trust) as its manager and/or trustee. However, the record reflects that throughout the duration of the case in the District Court of the Third Circuit (district court), Frost did not obtain the permission of the district court[1] to intervene in this case pursuant to Rule 24 of the Hawaiʻi Rules of Civil Procedure (HRCP) and has not demonstrated his standing to appeal. Abaya v. Mantell, 112 Hawaiʻi 176, 181, 145 P.3d 719, 724 (2006)(standing generally requires that the person was a party to the action, and non-parties who could not intervene are ordinarily denied standing to appeal).

2.   Even if Frost were the manager and/or trustee of the Trust, Frost would not be qualified to represent the Trust in the appeal or in the underlying district court case because Frost is not licensed to practice law as an attorney in Hawaiʻi[2] and has not demonstrated that he is the real party in interest by introducing in the district court or this court the unrecorded Trust document showing that he is the sole beneficiary of the trust.[3]

3.   Where Frost has demonstrated no standing to represent the Trust in any judicial proceeding, including but not limited to appeal, this court has no jurisdiction to take action on the merits of this appeal, and only may take action to assess

---

[1] The Honorable David K. Kuwahara presided.

[2] Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc., 60 Haw. 372, 377, 590 P.2d 570, 573-74 (1979).

[3] Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 265, 799 P.2d 60, 66 (1990).

its jurisdiction on the matter.[4]  Thus, this court has no recourse but to dismiss the instant appeal where it lacks jurisdiction because Frost has no standing to appeal. Therefore,

IT IS HEREBY ORDERED THAT the appeal is dismissed.

DATED: Honolulu, Hawai'i,  May 7, 2013.

Chief Judge

Associate Judge

Associate Judge

---

[4]    [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. <u>Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action</u>. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, <u>sua sponte</u>, dismiss that appeal.

<u>Housing Fin. and Dev. Corp. v. Castle</u>, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); <u>Peterson v. Hawaii Electric Light Company, Inc.</u>, 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); <u>Pele Defense Fund v. Puna Geothermal Venture</u>, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).